UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
EDWARD LOVERA, individually and on : 
behalf of all others similarly situated, : CASE NO.
:
: **NOTICE OF REMOVAL**
Plaintiff, :
:
v. :
:
WHOLE FOODS MARKET GROUP, INC., :
:
Defendant. :
:
-------------------------------------------------------- X

    Defendant Whole Foods Market Group, Inc. ("WFM Group"), by and through its undersigned counsel, hereby removes the above-captioned action, entitled *Edward Lovera v. Whole Foods Market Group, Inc.*, Index No. 815022/2024E, from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1446 and 1453.  Removal is warranted under 28 U.S.C. § 1453 because this is a putative class action with minimal diversity and an amount in controversy that exceeds the sum or value of $5,000,000, exclusive of interests and costs.  The following is a short, plain statement of the grounds for removal provided pursuant to 28 U.S.C. § 1446(a).

I.  **DESCRIPTION OF THE ACTION**

1. On September 20, 2024, Edward Lovera ("Plaintiff") filed a Class Action Complaint, on behalf of himself and a putative class of all persons in the State of New York, in the Supreme Court of New York, County of Bronx, Index No. 815022/2024E (the "State Court Action"). A copy of the Complaint is attached as part of **Exhibit 1**. The Complaint alleges that WFM Group engaged in consumer deception in violation of New York's General Business Law ("GBL") sections 349 and 350 by making false and deceptive representations and omissions with respect to the ingredients in Organic Mini Sandwich Cheese Crackers sold under the 365 Whole Foods Market brand (the "Product").

2. Plaintiff alleges that real organic cheddar cheese is not the predominant filling ingredient in the Product and that WFM deceived customers because customers would reasonably expect that real organic cheddar cheese would be the Product's exclusive, or predominant, filling ingredient. *See* Complaint, ¶¶18, 20, 100. Plaintiff further alleges that as a result of the false and misleading representations and omissions, the Product is sold at a price premium, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions. *Id.* ¶ 46.

3. Based on these and similar allegations, Plaintiff asserts claims for false and misleading business practices in violation of GBL sections 349 and 350. Plaintiff seeks monetary damages, interest, costs, expenses and reasonable attorneys, and any further relief the Court deems just and proper. *See* Complaint at p. 23. Plaintiff seeks this relief on behalf of himself and his putative class of all persons in the State of New York who purchased the Product in New York. *Id.*, ¶84.

4. As set forth more fully below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1453 and 1446.

## II.     NOTICE OF REMOVAL IS TIMELY

5.     Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

6.     WFM Group is the only named defendant in Plaintiff's Complaint.  *See* Complaint.  On December 19, 2024, Plaintiff served his Complaint on WFM Group through the New York Secretary of State.  *See* Affidavit of Service – Secretary of State attached as part of **Exhibit 1**.

7.     Thus, WFM Group's Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal is filed within thirty (30) days after WFM Group was served with Plaintiff's Complaint.

8.     The Supreme Court of New York, County of Bronx is located within the Southern District of New York.  Venue, therefore, is proper within the Southern District of New York pursuant to 28 U.S.C. § 93 and 28 U.S.C. § 1441 because that is the district and division embracing the place where such action is pending.

9.     No previous application has been made for the relief requested herein.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

10.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act ("CAFA")) and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1453 and 1446.

11.    Pursuant to 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant …" 28 U.S.C. § 1332(d)(2).

All requirements are satisfied here because Plaintiff has alleged a putative class action in which the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff Lovera and WFM Group.[1]

### A.     The Action Qualifies as a "Class Action" under CAFA

12.    CAFA defines the term "class action" to mean "any action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13.    Plaintiff brings this action under Article 9 of the New York Civil Practice Law and Rules ("CPLR"), which allows "one or more members of a class [to] sue or be sued as representative parties on behalf of all" when the alleged "class is so numerous that joinder of all members [] is impracticable;" "there are questions of law or fact common to the class which predominate over any questions affecting only individual members;" "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" "the representative parties will fairly and adequately protect the interest of the class"; and "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." NY CPLR § 901(2022); Complaint, ¶¶84-92.  The requirements for class certification under Article 9 parallel those of Federal Rule of Civil Procedure 23. *Compare*, NY CPLR § 901, *et seq.*, with Fed. R. Civ. P. 23.

14.    CAFA jurisdiction is limited to class actions where the primary defendants are not States, State officials or other governmental entity, and the number of members of all proposed plaintiff classes in the aggregate is 100 or more.  *See* 28 U.S.C. § 1332(d)(5)(A)-(B).

---

[1] WFM Group relies upon the Plaintiff's allegations solely for purposes of assessing eligibility for removal based on CAFA jurisdiction, 28 U.S.C. § 1332(d). WFM Group reserves all rights to challenge these allegations for all other purposes, including, but not limited to, denying that the putative classes are properly defined, that the Plaintiff has standing to assert claims on behalf of the alleged putative classes, and that the claims in this case are proper for class treatment.

15.     WFM Group is not a State, State official or other governmental entity. Plaintiff purports to represent a class of "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged.".  *See* Complaint, ¶84.  More than 100 persons have purchased the Product from Whole Foods Market stores located in New York during the applicable statute of limitations – three years.  Thus, there are more than 100 putative class members.

**B.      Diversity of Citizenship**

16.     "Diversity jurisdiction in a class action depends solely on the citizenship of the named parties." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014), citing *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant.").  Citizenship of the parties is determined by their citizenship at the time the removal notice is filed.  *Vera v. Saks & Co.*, 335 F.3d 109, 116 fn.2 (2d Cir. 2003).

17.     Plaintiff Lovera alleges that he is an individual residing in Bronx County, New York and New York County, New York and purchased the Product at Whole Foods Market stores, including those in New York County.  *See* Complaint, ¶¶53, 56, 58, 79.  Plaintiff is a citizen of the State of New York.  *Id.* ¶47.

18.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).  Plaintiff correctly alleges in his Complaint that WFM Group "is a Delaware corporation with its principal place of business in Texas." *See* Complaint, ¶59.  Thus, WFM

Group is a citizen of Delaware and Texas. WFM Group is not now, and was not at the time Plaintiff filed his Complaint, a citizen of the State of New York.

**C.     Amount in Controversy**

19.     The general federal rule is that the complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). If plaintiff has not alleged a specific damages amount, however, a removing defendant may establish the jurisdictional amount by establishing a "reasonable probability" that the amount in controversy threshold is satisfied. The defendant need only establish the requisite amount in controversy "with 'competent proof' and 'justify [its] allegations by a preponderance of the evidence.'" *United Foods & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Merdien Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 299 U.S. 178, 189 (1936)). Defendant may establish these facts through either the allegations in the complaint or affidavits or other evidence. *See, Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

20.     Under CAFA, the claims of individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). Moreover, CAFA's legislative history makes clear that Section 1332(d)(6) is to be interpreted expansively. The Senate Committee states:

> . . . if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).

S. Rep. No. 109-114, at 42 (2005), as reprinted in 2005 U.S.C.C.A.N. 40.

21.     Plaintiff alleges a putative class action by which he seeks to represent "[a]ll persons in New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged." *See* Complaint, ¶84.  Plaintiff alleges further that the putative class is "numerous, with over one hundred members." *See* Complaint, ¶91.

22.     Plaintiff alleges he, and his putative class, were charged a price premium for the Product and would not have bought the Product or would have paid less for Product absent WFM Group's alleged false and misleading statements and/or omissions. *See* Complaint, ¶¶46, 81-83,109.  WFM Group has sold more than 112,700 units of the Product at its stores in New York between September 20, 2021 and the present.

23.     The Complaint alleges a claim for false and misleading business practices under New York GBL sections 349 and 350.  Under GBL section 349(h), a plaintiff may bring an action to recover either his actual damages or fifty dollars, whichever is greater, and the court may award three times Plaintiff's actual damages up to one thousand dollars if it finds the defendant willfully or knowingly violated Section 349.  While WFM Group denies violating Section 349 in any way, let alone willfully or knowingly, given the size of the potential class and number of units sold, the claims asserted by Plaintiff could potentially add up to $5,600,000 or more.

24.     Pursuant to GBL section 350-e, a plaintiff may bring an action to recover either his actual damages or five hundred dollars, whichever is greater, and the court may award three times Plaintiff's actual damages up to ten thousand dollars if it finds the defendant willfully or knowingly violated Section 350 or 350-a.  While WFM Group denies violating either Section 350 or 350-a in any way, let alone willfully or knowingly, given the size of the potential class and number of units sold, the claims asserted by Plaintiff could potentially add up to $56,000,000.00 or more.

25. Although WFM Group concedes no liability on Plaintiff's claims, assuming the allegations to be true for purposes of this notice, Plaintiff's claims place in controversy a sum greater than $5,000,000.00. As such, all requirements for removal under CAFA, 28 U.S.C. § 1332(d), are satisfied and this action is properly removed to this Court.

## V. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT, AND COPY OF THE COMPLETE FILE FROM THE STATE COURT ACTION.

35. Pursuant to 28 U.S.C. §1446(a), WFM Group has attached a copy of the complete file from the state court. WFM Group has attached the following to this Notice of Removal: Summons, Complaint and Affidavit of Service. *See* Exhibit 1.

38. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and filed with the Supreme Court of New York, County of Bronx. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

## VI. RESERVATION OF RIGHTS

39. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the plaintiff or putative class members are entitled to or otherwise may recover any of the amounts described above. WFM Group reserves the right to amend and/or supplement this Notice of Removal.

|  |  |
|---|---|
| Dated:  January 17, 2025 | Respectfully submitted:<br><br>/s *Nicholas A. Norden*<br>Nicholas A. Norden (State Bar No. 5190426)<br>Abrams Fensterman, LLP<br>1 Metrotech Center, Suite 1701<br>Brooklyn, New York 11201<br>Tel: (718) 215-5300<br>Email:  nnorden@abramslaw.com<br><br>BRIAN R. BLACKMAN (*pro hac vice application to be submitted*)<br>WELLS BLAXTER (*pro hac vice application to be submitted*)<br>DAVID P. ADAMS (*pro hac vice application to be submitted)*<br>BLAXTER \| BLACKMAN LLP<br>610 Montgomery Street, Suite 1110<br>San Francisco, California 94111<br>Tel: (415) 500-7704<br>Email: bblackman@blaxterlaw.com<br>            wblaxter@blaxterlaw.com<br>            dadams@blaxterlaw.com<br><br>*Attorneys for Whole Foods Market Group, Inc.* |

9